JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Ani Sakalian, SBN: 274846
        E-mail: asakalian@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiff
MONSTER CABLE PRODUCTS, INC.

William W. Moehle, Esq.
        E-mail: bill.moehle@gmail.com
2425 Clover Street
Rochester, New York 14618
Telephone:   (585) 271-3249
Facsimile:    (585) 271-0847

Attorneys for Defendant
RICKIE SCHIFFHAUER

# JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>RICKIE SCHIFFHAUER, an Individual, et al.,<br><br>        Defendants. | Case No.: CV10-10020 SJO (Ex)<br><br>~~[PROPOSED]~~ **FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT  RICKIE SCHIFFHAUER** |

[PROPOSED]  FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION

1    The Court, pursuant to the Stipulation For Entry of Final Judgment,
2  Including Permanent Injunction ("Stipulation"), between Plaintiff MONSTER
3  CABLE PRODUCTS, INC. ("Plaintiff") on the one hand, and Defendant RICKIE
4  SCHIFFHAUER ("Defendant"), on the other, hereby ORDERS, ADJUDICATES
5  and DECREES that final judgment, including permanent injunction, shall be and
6  hereby is entered on the Complaint in the above-referenced matter as follows:

7        1.    **PERMANENT INJUNCTION.**  Defendant and any person or entity
8  acting in concert with, or at the direction of it, including any and all agents,
9  servants, employees, partners, assignees, distributors, suppliers, resellers and any
10  others over which it may exercise control, are hereby restrained and enjoined,
11  pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or
12  authorizing or assisting any third party to engage in, any of the following activities
13  in the United States and throughout the world:

14        a.    copying, manufacturing, importing, exporting, marketing,
15  selling, offering for sale, distributing or dealing in any product or service that uses,
16  or otherwise making any use of, any Plaintiff's Monster® trademarks, and/or any
17  intellectual property that is confusingly or substantially similar to, or that
18  constitutes a colorable imitation of, any of Plaintiff's Monster® trademarks,
19  whether such use is as, on, in or in connection with any trademark, service mark,
20  trade name, logo, design, Internet use, website, domain name, metatags,
21  advertising, promotions, solicitations, commercial exploitation, television, web-
22  based or any other program, or any product or service, or otherwise;

23        b.    performing or allowing others employed by or representing it,
24  or under its control, to perform any act or thing which is likely to injure Plaintiff,
25  any Plaintiff's Monster® trademarks, and/or Plaintiff's business reputation or
26  goodwill;

27  / / /

28  / / /

**[PROPOSED]  FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION**

|     |                                                                                       |
| --- | ------------------------------------------------------------------------------------- |
| 1   |         c.     engaging in any acts of federal and/or state trademark |
| 2   | infringement, false designation of origin, unfair competition, dilution, or other act |

1          c.     engaging in any acts of federal and/or state trademark

2 infringement, false designation of origin, unfair competition, dilution, or other act

3 which would tend damage or injure Plaintiff; and/or

4          d.     using any Internet domain name or website that includes any

5 Plaintiff's trademarks, including the Monster® Beats® marks.

6         2.     Defendant is ordered to deliver immediately for destruction all

7 unauthorized products, including counterfeit Monster® products and related

8 products, labels, signs, prints, packages, wrappers, receptacles and advertisements

9 relating thereto in its possession or under its control bearing any of Plaintiff's

10 intellectual property or any simulation, reproduction, counterfeit, copy or colorable

11 imitations thereof, and all plates, molds, heat transfers, screens, matrices and other

12 means of making the same, to the extent that any of these items are in Defendant's

13 possession.

14         3.     This Final Judgment shall be deemed to have been served upon

15 Defendant at the time of its execution by the Court.

16         4.     The Court finds there is no just reason for delay in entering this

17 Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil*

18 *Procedure*, the Court directs immediate entry of this Permanent Injunction against

19 Defendant.

20         5.     **NO APPEALS AND CONTINUING JURISDICTION.**  No

21 appeals shall be taken from this Final Judgment, Including Permanent Injunction,

22 and the parties waive all rights to appeal.  This Court expressly retains jurisdiction

23 over this matter to enforce any violation of the terms of this Final Judgment,

24 Including Permanent Injunction, and the Permanent Injunction herein.

25 / / /

26 / / /

27

28

**[PROPOSED]  FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION**

1         6.     **NO FEES AND COSTS**. Each party shall bear its own attorneys'

2    fees and costs incurred in this matter.

3         IT IS SO ORDERED, ADJUDICATED and DECREED this __9th__ day of

4    June , 2011.

5

6

7              _____

8              HON. S. JAMES OTERO
               United States District Judge for the Central
9              District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED]  FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION**